**Robert Kelly, Plaintiff-Appellant, v. Richard Ogilvie, Jack Johnson, H. W. Wilson and Fidelity and Deposit Company of Maryland, Inc., Defendants-Appellees.**

**Gen. No. 49,772.**

First District, Third Division.

October 7, 1965.

Rehearing denied December 9, 1965.

Clarence M. Dunagan and James P. Chapman, all of Chicago, for appellant.

Dent, Hampton & Doten, of Chicago, for appellee, Fidelity and Deposit Company of Maryland.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment order dismissing a suit for personal injuries on the ground that the complaint failed to state a cause of action. Plaintiff was an inmate of the County Jail pending trial on a criminal charge. Defendant Ogilvie is Sheriff of Cook County. Defendant Johnson is Warden of the Cook County Jail, and defendant Olson is a jail officer. Defendant Fidelity and Deposit Company of Maryland is surety on the sheriff's official bond given pursuant to statute.

The basis of this action is an attack made on plaintiff by one Craig, a fellow inmate, who, plaintiff alleges, was permitted to enter his cell by one Wilson, also a fellow inmate and a trusty. The principal issues are whether Ogilvie and Johnson are liable for injuries sustained by plaintiff on the principle of respondeat superior or on the basis of negligence in that they maintained a "barn boss" or trusty system in the conduct of the jail, and whether the complaint states a case against Olson for provoking or participating in the attack.

The sheriff is charged by law with the administration of the county jail. Ill Rev Stats, ch 75, sec 2 (1963). Pursuant to section 3 of the same act, the sheriff had appointed Johnson as warden (superintendent) of the jail and defendant Olson as one of the jail officers. The complaint charges that on the night in question Richard Ogilvie, "through his agents and servants, H. W. Olson and F. Wilson, . . . unlocked the cell of H. Craig, a prisoner of vicious propensities, for the purpose of having H. Craig commit an assault upon Robert Kelly, plaintiff herein." It further charges that defendants knew or in the exercise of ordinary care and caution should have known that the appointment of Wilson as "barn boss," with access to cell keys and power to put prisoners from one cell to another, permitted Wilson to place Craig in Kelly's cell for the sole purpose of torturing Kelly, and

that Craig did then commit a violent assault upon the plaintiff. Ambiguities in the complaint should be noted. One paragraph charges that Olson, like Ogilvie and Johnson, was guilty of nonfeasance and malfeasance, but makes no claim that he took an active part. Another paragraph alleges that Ogilvie, through Olson and Wilson, unlocked Craig's cell for the purpose of having him commit the assault, as hereinbefore set forth.

█ █ Ogilvie and Johnson are not accountable for Olson's or Wilson's alleged wrongdoing upon any rule of agency or respondeat superior. According to long standing rules, a public official having the direction of a subordinate public employee is not thereby responsible for the latter's conduct. It is the underlying public body which is the principal or master. Reiter v. Illinois Nat. Cas. Co., 397 Ill 141, 152, 73 NE2d 412, cert denied, sub nom.; Reiter v. Palmer, 332 US 791; 67 CJS, Officers § 128, (1950) ; 1961 Ill LF 505, 510–11. In the instant case the public entity, the county, is not a party and its immunity or liability by virtue of express statutory provisions or the decisions construing them need not be considered.

█ It is also charged that Ogilvie and Johnson are liable for allowing the "barn boss" system to exist. The choice of systems of prison administration involves the exercise of discretion and comes within the doctrine of quasi-judicial immunity. Cf. Nagle v. Wakey, 161 Ill 387, 43 NE 1079; People ex rel. Schreiner v. Courtney, 380 Ill 171, 43 NE2d 982; Paoli v. Mason, 325 Ill App 197, 59 NE2d 499. This doctrine rests on the principle that the public decision maker, like the judge, ought to be shielded from personal liability or other factors extraneous to a judgment based on his best perception of public needs. The "barn boss" system for policing the prison community may lend itself to abuses, but it is in general use and has been considered an aid in the maintenance of prison safety and welfare. There are other alternatives, of

147

course, but the choice is for the sheriff and the warden to make, without fear of personal liability or the second-guessing of courts and juries.

Plaintiff argues that statutory indemnification and insurance protection for sheriffs against liability for torts have abrogated any vestige of the judicial act doctrine. Ill Rev Stats ch 34, sec 301.1 (1963); Ill Rev Stats ch 34, sec 429.7 (1963). While the purpose of quasi-judicial immunity admittedly is to insulate decision making from extraneous factors, personal financial liability is only one of those factors. Equally important are public liability and an officer's legitimate fear of defending his many policy choices in court. These are not rendered obsolete by indemnification and insurance, and the reason for quasi-judicial immunity remains.

Plaintiff contends that the wilful nature of this tort brings it outside the scope of quasi-judicial immunity. The complaint contains no explicit allegation of malice or of direct participation on the part of the sheriff and the warden.

■ As to Olson, there is no direct charge that he wilfully participated in the opening of Craig's cell, the admission of Craig into Kelly's cell, or the attack on Kelly. The only language of the complaint on which this might be based is that hereinbefore discussed, that "Ogilvie, through his agents and servants, H. W. Olson and F. Wilson . . . unlocked the cell. . . ." This is clearly an allegation undertaking to state a case against Ogilvie on the basis of respondeat superior. It states no case against Olson. The only direct charge against him is that, along with Ogilvie and Johnson, he was guilty of nonfeasance and malfeasance in the appointment of Wilson to act as tier clerk or "barn boss" and in permitting him to have access to keys to the various cells. There is no basis for holding Wilson.

■■ Plaintiff, assuming that quasi-judicial immunity may exist, charges that since the sheriff violated the

judicial order entered in the case "to keep [the accused] safely until final judgment of this Court," the Sheriffs' Act makes him liable to the party aggrieved. Ill Rev Stat, ch 125, sec 16 (1963). A somewhat similar provision in the Jailers' Act has been held not to make the sheriff liable for harm to prisoners. Bush v. Babb, 23 Ill App2d 285, 162 NE2d 954. In that case the health of the plaintiff prisoner suffered because additional medical attention was not given him on request. The court held that the sheriff's statutory duty as jailer ran to the public alone and that an aggrieved prisoner could not rely on it in a private action. While the Jailers' Act did not contain a clause providing for liability to the party aggrieved, we think the conclusion in the Babb case applies to the Sheriffs' Act. The order to keep the prisoner safely creates only a public duty. The liability to private parties provided by statute is limited to violations of orders which primarily serve a private interest, such as a writ of execution on a judgment. Bush v. Babb, supra, at 290.

The case against the Fidelity and Deposit Company of Maryland falls with the case against the sheriff.

Order affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.