Dallas W. Bolander and Catherine L. Bolander, Plaintiffs-Appellants, v. Gypsum Engineering, Inc., Defendants (Dismissed), and John Lester Neesen, d/b/a South Side Floor Sanding Company, Defendant-Appellee.

Gen. No. 51,680.

First District, First Division.

September 25, 1967.

Goldenson and Goldenson, of Chicago (Nathan G. Brenner, William Elman, and Elman and Ehardt, of counsel), for appellants.

Kirkland, Ellis, Hobson, Chaffetz & Masters, of Chicago (Bernard E. Harrold and John W. Kearns, Jr., of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Dallas and Catherine Bolander, purchasers of a house under construction in a housing project, brought suit to recover from Gypsum Engineering, Inc., and John Lester Neesen, d/b/a South Side Floor and Sanding Company, for property damage resulting from a fire in their incompleted home. At the conclusion of plaintiffs' case, the court granted a motion of Gypsum for a directed

verdict which ruling is not here contested. After a denial of respective motions of plaintiffs and Neesen for directed verdicts, the case was submitted to a jury which rendered a verdict in favor of defendant, Neesen, and an appeal was taken by plaintiffs from the judgment on the verdict. No issue is raised as to the pleadings.

Plaintiffs contend, (1) that the defendant, Neesen, was negligent as a matter of law, either by reason of specific acts of negligence or under the doctrine of Res Ipsa Loquitur; (2) in the alternative, plaintiffs should be granted a new trial because the verdict of the jury is against the manifest weight of the evidence; and (3) the court erred in the giving and refusing of certain instructions.

The plaintiffs, husband and wife, were the owners of a home located in Posen, Illinois, which was sold to them while being built by C. M. O. Builders. The home was a frame ranch house with a long hallway on the first floor with three bedrooms opening off of it. At the end of the hall, between two bedrooms, was a closet having louver doors which contained certain utilities including the gas water heater and oil furnace.

A fire and explosion causing considerable damage occurred in the premises on July 10, 1958, while Neesen employees were sanding and sealing the floor. Mrs. Bolander said that at the time all the work in the house was completed except the floors and they were going to move into the house a few days later. She testified that on July 8th, at the direction of C. M. O. Builders, she made an appointment with a representative of the Northern Illinois Gas Company and later met him at the premises at 10:30 a. m., on July 10th when he connected the hot water heater and lit the gas pilot light. She had been in the office of the C. M. O. Builders earlier that morning and received the key to the house from the builder's secretary. At about noon, the Bolanders and

the gas representative left the house. Mrs. Bolander also testified that she believed that a C. M. O. employee had also been on the premises checking the back door lock that morning.

John H. Clemens and William F. Mulkey, employees of Neesen, an independent contractor, commenced sanding and sealing the floors of the involved premises about noon of July 10th. No one else was in the premises. Clemens explained that sanding and sealing is a three-part operation. The floors are first completely sanded, after which they apply lacquer floor sealer which is inflammable. They allow the floor to dry and they hand sand the lacquer, sweep it out and varnish it. After they had completed the sanding that day, which took about one and one-half hours, they proceeded to lacquer. Clemens testified that after he had just completed lacquering a bedroom and was backing into the hallway, he saw a blue flame moving and dancing above the floor coming in the doorway. He didn't know where it came from. He said before he left through the window, the bedroom "was one complete ball of fire." This all happened, he said, in less than a minute. He also testified that before the explosion occurred he saw flames outside the house.

The evidence revealed the plaintiff's house was one of a number of new houses being constructed in a project by C. M. O. Builders. Gypsum Engineering Inc., who had been employed by C. M. O. to paint the new houses, subcontracted the floor finishing job to Neesen. The latter had finished the floors in 40 to 50 other houses in this project. The gas had not been turned on in any of those houses before the floor work was completed.

Plaintiffs contend that since Clemens and Mulkey, employees of Neesen, had complete control over the application of lacquer sealer, which they were aware had dangerous properties, and since they were alone in the house when the fire and explosion occurred, Neesen was negligent as a matter of law, either under the Res Ipsa

328

doctrine or on the basis of specific negligence. Plaintiffs claim that defendant was especially negligent for the reason that (1) Clemens and Mulkey smoked cigarettes on the premises within 20 minutes of the fire; (2) the failure by them to properly ventilate the premises; and (3) their failure to determine whether any sources of open flame were present prior to applying the inflammable sealer on the floor of the premises.

 In Illinois, questions of negligence, due care and proximate cause are ordinarily questions of fact for a jury to decide. Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74. A motion for a directed verdict for plaintiff may be entered when the evidence is such that without weighing the credibility of the witnesses, and after considering it in its aspects most favorable to the defendant, there can be but one reasonable conclusion, and that in favor of plaintiff. Dowler v. New York, C. & St. L. R. Co., 5 Ill2d 125, 125 NE2d 41. In other words:

> A court is never justified in directing a verdict for plaintiff where there is evidence from which, when taken with all reasonable inferences and intendments to be drawn or deduced therefrom, the jury might reasonably return a verdict for the defendant. 34 ILP Trial § 133 (1967 Cumulative Annual Pocket Part, p 107).

Plaintiffs' counsel informs us in their brief that there are no Illinois decisions involving the specific fact situation found in the instant case, but that there are a number of Louisiana decisions which are directly in point, citing: Utah Home Fire Ins. Co. v. Leonard (La App), 100 So2d 259 (1958) ; Mercury Ins. Co. v. Hodges (La App), 199 So 526 (1941) ; Letts v. Krause & Managan, Inc. (La App), 26 So2d 838 (1946) ; and New York Underwriters Ins. Co. v. Prewitt (La App), 55 So2d 303 (1951). However, in each of these cases the home was occupied when the homeowner employed a floor re-

finisher who did not ascertain whether the pilot light was burning before he applied the highly inflammable sealing material to the floor. Substantially the same is true in Borowicz v. Chicago Mastic Co., 367 F2d 751.

■ ■ In the case at bar, the evidence showed that the house was one of many under construction in a project that had never been occupied or lived in before the floors were refinished. In none of the other 40 houses, in which Neesen had refinished the floors prior to the one in question, had the gas been turned on. There was no evidence to show that the Neesen employees had any notice that the plaintiff and the gas representative were in the unoccupied house that morning and had lit the gas pilot light. We are of the opinion, from a reading of this record, that there were questions of fact to be determined by the jury and it cannot be said that the defendants were proven guilty as a matter of law. Nor do we feel that Res Ipsa Loquitur applies here and, therefore, the refusal to give an instruction regarding Res Ipsa Loquitur was also proper, as it is clear that Neesen did not have exclusive control of the premises.

■ When asked to grant a new trial because the verdict of the jury was against the manifest weight of the evidence, this court must give proper weight to the taking of the evidence and the observance of the witnesses, both by the jury and the trial judge. The jury's conclusion, whether relating to negligence, causation, or other factual matters, should not be set aside merely because different conclusions could be drawn or because judges feel other results are more reasonable. Dowler v. New York, C. & St. L. R. Co., 5 Ill2d 125, 125 NE2d 41. We have reviewed the record and conclude that the verdict and judgment are within the range of the testimony, and are not against the manifest weight of the evidence.

■ It is also contended that the court erred in giving IPI instructions 10.03 and 11.01 on contributory negligence over plaintiffs' objections. It is argued that the record is totally devoid of any contributory negligence whatsoever on the part of the plaintiffs. In our judgment this conclusion is not justified from a reading of the record.

The judgment of the Circuit Court is therefore affirmed.

Judgment affirmed.

MURPHY, P. J. and ADESKO, J., concur.