James Lusietto, Administrator of the Estate of Shirley Lusietto, Deceased, Plaintiff-Appellee, v. James Kingan, Defendant-Appellant.

Gen. No. 68–46.

Third District.

March 18, 1969.

William G. Clark, Attorney General of State of Illinois, of Chicago, by James Collins, of Kankakee (John O'Toole, Assistant Attorney General and John J. George, of counsel), for appellant.

Kevin D. Kelly, of LaSalle, and Walter Durley Boyle and Lynn C. Goldsmith, of Hennepin, for appellee.

PER CURIAM.

The administrator plaintiff recovered a judgment on a jury's verdict for $10,000 for the wrongful death of plaintiff's intestate who was killed while operating an automobile on a portion of State Highway 89 in Putnam County which was under the jurisdiction of the defendant in his capacity as Maintenance Supervisor for certain state highways in District No. 3 of the State Highway Division.

The complaint alleged that the defendant failed to maintain the highway properly and permitted a large and dangerous hole to form and exist in the highway for a

long period of time; that the defendant failed to repair the hole when he knew or should have known of such condition; that the defendant failed to warn plaintiff's intestate of the condition of the highway by way of warning signs, etc., whereupon the car driven by plaintiff's intestate struck the hole which caused it to leave the road, thereby causing the death of plaintiff's intestate.

The testimony varied as to the size of the hole, the length of time it had been in existence and as to its location. However, from the jury verdict, it is obvious that the jury believed that the hole was there and that it caused the accident in question.

The defendant was employed by the State of Illinois occupying the position of Maintenance Supervisor for certain state highways in District No. 3 of the State Highway Division. The area under his jurisdiction contained two hundred and forty miles of highways in five counties. That part of State Highway 89 at the place of the occurrence was under his supervision. The defendant had about thirty men under him. On the Monday following the occurrence of the accident, he went to the scene and supervised the men in making repairs. He knew that the section of highway in the area where plaintiff's intestate was killed was in need of repairs for quite a long time before the accident. There were a lot of holes in the road. There were no barricades at the place of the accident.

Defendant has appealed contending that a suit against a state highway employee alleging nonfeasance in the maintenance of a state highway is in fact a suit against the State of Illinois which suit is prohibited by the Illinois Constitution (art IV, § 26) ; and that, in any event, the evidence adduced by the plaintiff showed neither that the nonfeasance of the defendant constituted negligence in the performance of his duties nor that such nonfeasance was the proximate cause of the death of plaintiff's intestate.

■ ■   We believe that the law is clear that a state highway employee may be sued and held individually liable for certain negligent acts committed by him in the course of his employment. Creamer v. Rude, 37 Ill App2d 148, 185 NE2d 345. In order for a negligent act to give rise to liability, however, it is a well established common-law rule that a legal duty must exist in favor of the person injured and imposed on the person whose conduct produces the injury. Aetna Ins. Co. v. Illinois Cent. R. Co., 365 Ill 303, 6 NE2d 189. In the Creamer case above cited and in the cases of Hering v. Hilton, 12 Ill2d 559, 147 NE2d 311, and Pree v. Hymbaugh, 23 Ill App2d 211, 162 NE2d 297, relied on by the plaintiff, the defendants in each case were operating motor vehicles on the public highways in a negligent manner. What the opinions said in those cases, in effect, was that the fact of governmental employment could not be used as a shield. The duty imposed on those defendants was held to be the same duty imposed on all other persons operating motor vehicles on the public highways. We believe this to be sound law.

In the instant case, however, the plaintiff is asking that we predicate the defendant's liability solely on the basis that he is a government employee. That is to say, that as a Maintenance Supervisor of the State Highway Division, he owed a duty to the plaintiff to maintain that portion of the highway where the accident occurred and to have either filled the particular hole that caused the injury or to have posted or barricaded it in some way. With this contention, we cannot agree.

We believe that the plaintiff and the trial court in this case have misconstrued the matter by attempting to impose the State's duty to maintain the highways upon the defendant. In fact, the defendant's duty to supervise the maintenance of a certain portion of the State's highways assigned to him by the State Highway Division is a condi-

tion of his employment, a violation of which may give rise to such lawful sanctions as his employer may choose to exercise against him. However, unless a violation of a condition of his employment is simultaneously and independently of such condition also a violation of some duty owed to an individual, such violation will not give rise to legal liability to an individual. Our Supreme Court in Nagle v. Wakey, 161 Ill 387, 393, 43 NE 1079, recognized this distinction between the duty which a Commissioner of Highways owes to an individual and that which he owes to the public in general, holding that for a violation of the former he may be sued by an individual but not so for a violation of a duty he owes to the public in general. In the Nagle case the duty of the Commissioners of Highways to repair and maintain roads and bridges was considered to be a public duty for the violation of which an individual could not maintain an action against the Highway Commissioners. Also, in keeping with this distinction, the Court said in Gage v. Springer, 211 Ill 200, at page 204, 71 NE 860:

> "The failure of a public officer to perform a public duty can constitute an individual wrong only when some person can show that in the public duty was involved also a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its nonperformance."

Applying this distinction to the present case, we are of the opinion that the defendant's duty to maintain the highway in question was a duty owed to the public generally and not to an individual. Whereas, in keeping with the same distinction, the situations involved in Creamer v. Rude, supra, Hering v. Hilton, supra, and Pree v. Hymbaugh, supra, were situations which involved duties owed to the plaintiffs therein.

■ ■ Additionally, the defendant's duties were not ministerial, they were governmental in character and required the exercise of discretion and judgment. With regard to holes in the highway, the defendant must exercise discretion and judgment as to which holes to fill and which holes not to fill. Of the holes to be filled, which holes are to be filled first? He must perform all of this within the limitations of available manpower, equipment and finances. It is a well established principle of the common law that an immunity exists in favor of public officials when they are exercising their official discretion on matters which are discretionary in nature and not ministerial. People ex rel. Munson v. Bartels, 138 Ill 322, 27 NE 1091; McCormick v. Burt, 95 Ill 263; Gilbert v. Bone, 64 Ill 518; Kelly v. Ogilvie, 64 Ill App2d 144, 212 NE2d 279. Quite apart from the doctrine of governmental immunity, the case law in this state has developed the doctrine of public officials' immunity. This doctrine is distinguished from and founded on a different rationale from the principle of governmental immunity. See note 1966, Illinois Law Forum 981, at 995. In Nagle v. Wakey, supra, our Supreme Court held that the duty to keep highways in repair was a duty which required the exercise of judgment and discretion and that in performing this duty the commissioners were clothed with discretion as to the practicability of making improvements and as to the best methods to be employed, they were therefore protected by this theory of immunity. We believe that the defendant in the case now before us is entitled to that same immunity. Although the case of Molitor v. Kaneland Community Unit School Dist., 18 Ill2d 11, 163 NE2d 89, abolished the principle of governmental immunity, it did not destroy the principle of public officials' immunity. Neither the Creamer case, supra, the Hering case, supra, nor the Pree case, supra, criticize or change that rule of law in any particular. What these cases say,

in effect, is that a public official while operating a motor vehicle on the public highways does not fall within the immunity established by this rule. In fact, the Pree case recognized the existence of the immunity as announced in the Nagle case, and held that the facts in the Pree case were not analogous to the facts in the Nagle case and therefore the immunity would not apply.

In the case of Kelly v. Ogilvie, 64 Ill App2d 144, 212 NE2d 279, which is a case that was decided almost six years after the Molitor case, struck down the principle of governmental immunity, the court recognized that the principle of public officials' immunity still existed. The court stated:

> "This doctrine rests on the principle that the public decision maker, like the judge, ought to be shielded from personal liability or other factors extraneous to a judgment based on his best perception of public needs," (64 Ill App2d 144 at 147)

and at page 148: ". . . and the reason for quasi-judicial immunity remains."

The plaintiff has called our attention to the case of Kitto v. Wattleworth, 24 Ill App2d 484, 164 NE2d 817. In that case an action was brought against a Township Road Commissioner and a County Superintendent of Highways, both individually and in their official capacity. The facts in that case were somewhat analogous to the case now before this court. The alleged negligence consisted of the failure of the defendants to maintain the road so as to prevent the dangerous condition from developing. The trial court sustained a motion to dismiss. The Appellate Court reversed, relying on the Molitor case. The decision in the Kitto case is contrary to the decision of our Supreme Court in Nagle v. Wakey, supra. We feel that the Molitor case while it abolished the principle of

governmental immunity and overruled the holding of the Supreme Court in Town of Waltham v. Kemper, 55 Ill 346, it did not overrule the decision in the Nagle case. Since the Nagle case has not been overruled by our Supreme Court, we consider the principles announced therein still to be the law of this state. As an Appellate Court, we are bound thereby.

The Court in the Kitto case neglected to distinguish between the principle of governmental immunity and the principle of immunity of governmental officials. The Molitor case, which established new law with regard to the principle of governmental immunity, did not change or overrule the principle of immunity of governmental officials that existed in favor of public officials when exercising their official discretion on matters which are discretionary in nature and not ministerial.

To hold the defendant liable in this case would be productive of many problems. Who, in the chain of command concerning state highways would be responsible? As orders filter down and reports filter up, would each individual in line be personally responsible? What if budget deficiencies due to insufficient legislative appropriations required a restriction in repair work so that only half the holes in the State's highways could be filled? Moreover, it is common knowledge that no highway is without imperfections. If every rut, hole, or blemish on the highway were to create the possibility of personal liability against one or more employees of the State Highway Department, it would be impossible to find employees willing to serve under such conditions. As was stated in Nagle v. Wakey, 161 Ill 387 at page 392, 43 NE 1079:

> "If the officer must answer out of his private fortune for what a jury may regard as a deficiency in judgment, men capable of filling the office, who

have any property, would naturally avoid it,—especially in view of the extent of the industry of bringing damage suits covering with duties and neglects every field of imagination as well as of fact."

■■ We do not believe that defendant's first contention as to a constitutional prohibition against this kind of suit is a correct statement of the law. We believe, however, that the defendant in this case is not liable to the plaintiff for two reasons, either of which would be sufficient. First, the defendant violated no legal duty imposed on him in favor of the plaintiff. And second, the defendant was protected by the immunity that exists in law in favor of public officials when exercising their official discretion on matters which are discretionary in nature and not ministerial.

■ Accordingly, it is not necessary for us to consider defendant's second contention as to the insufficiency of the evidence. We believe, however, that if a duty had existed and if the defendant were not immune, that the evidence in such case, would have been sufficient. Questions of fact are questions for the jury unless the verdict is manifestly or palpably erroneous. Bass v. Rothschild Liquor Stores, 88 Ill App2d 411, 232 NE2d 19; Bolander v. Gypsum Engineering, Inc., 87 Ill App2d 325, 231 NE2d 659.

For the reasons given, the judgment of the Circuit Court of Putnam County is reversed.

Reversed.