WILLIAM A. STEPHENS, Plaintiff, v. RICHARD L. COZADD *et al.*, Defendants and Third–Party Plaintiffs-Appellees (Lyle Wardell, Third–Party Defendant-Appellant).

Third District No. 3—87—0018

Opinion filed August 24, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellant.

Michael Brandt, of Peoria, and Ross Morris, of Canton, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

This case comes before this court as a permissive interlocutory appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308) and concerns perceived conflicts between contributory theory and certain immunities.

Defendant and third-party plaintiff Richard Cozadd was driving a tractor trailer owned by his employer, Gerald Link, when he struck the rear of the plaintiff's vehicle while it was stopped on a bridge. William Stephens, the plaintiff herein, had stopped his vehicle because his lane of traffic was blocked by road repair work being completed by Illinois Department of Transportation employees. Lyle Wardell was employed as a flagman and was a member of the maintenance crew repairing the road at the time of the accident. In his complaint, the plaintiff alleged that Cozadd operated the tractor trailer in a negligent manner and caused the plaintiff's injuries. Cozadd and Link filed a third-party complaint for contribution against Wardell, and alleged negligence in performance of his duty to control the traffic on the bridge while the repairs were being completed. Specifically, they claimed that Wardell failed to post warning signs and failed to use a warning flag.

On behalf of Wardell, the State filed a motion to dismiss the third-party complaint. In support of its motion, the State maintained that although the action was nominally against Wardell, the State was the real party against which relief was sought, so the suit could not be pursued in circuit court because of the State's sovereign immunity (Ill. Rev. Stat. 1985, ch. 127, par. 801). Alternatively, the State maintained that Wardell could not be charged with individual liability based on any negligence because he was protected by the common law doctrine of public officials' immunity. The trial court denied the motion to dismiss. In its memorandum opinion, the court seemed to agree that the action was in reality a suit against the State. However, the court apparently interpreted the State's position to be that the contribution action could only be brought in the Court of Claims after an adverse judgment against Cozadd and Link was entered in the original action. The court noted that *Laue v. Leifheit* (1984), 105 Ill. 2d 191, required contribution actions to be brought during the pendency of the action initiated by the injured party, and found that if the State's position were adopted, the third-party plaintiffs would be barred from later filing the contribution action in the Court of Claims. After observing that several recent cases found that the right of contribution took

precedence over various immunities, the court determined that the State's claim of immunity must fall and that the third parties' complaint for contribution stated a cause of action. The assertion that Wardell was protected by public officials' immunity was not discussed in the memorandum opinion.

Finding that the issue involved a question of law as to which there is substantial ground for difference of opinion, the court certified the following question:

> "[W]hether statutory immunity, in the case of the State and its employee, and the common law immunity, as to the employee of the State ("official immunity"), acts *[sic]* as a bar to an action for contribution by a joint tortfeasor."

The original action named as plaintiff Lyle Wardell individually, not in his capacity as a State employee, but, as previously noted, it appears that the court accepted the State's assertion that the action was only nominally against Wardell and was in reality against the State. However, because the certified question asks whether either sovereign immunity or public officials' immunity bars a contribution action, we will discuss the impact of both types of immunity.

■ Section 5 of the Illinois Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1985, ch. 70, par. 305) provides that an action for contribution "may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." As the trial court correctly observed, the supreme court has interpreted the statute to mean that when a tort action is pending, the party seeking contribution must assert its claim by counterclaim or by a third-party claim in that action. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196.) However, in *Laue*, contribution was not sought from the State. In *Welch v. Stocks* (1986), 152 Ill. App. 3d 1, *appeal denied* (1987), 114 Ill. 2d 559, when the third-party plaintiff filed an action for contribution against the State, the court distinguished *Laue* and found that the principles of sovereign immunity must be taken into account. We agree.

■ Illinois law states that except as provided in the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1985, ch. 48, par. 1601 *et seq.*) and in the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.1 *et seq.*), "the State of Illinois shall not be made a defendant or a party in any court." (Ill. Rev. Stat. 1985, ch. 127, par. 801.) Under the Court of Claims Act, the Court of Claims is given exclusive jurisdiction to hear and determine "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit." (Ill. Rev. Stat. 1985, ch. 37,

par. 439.8(d).) After examining these relevant provisions, the *Welch* court concluded that when contribution is sought from the State, jurisdiction over the third-party contribution action lies exclusively with the Court of Claims and the State cannot be made a party to the proceedings pending in the circuit court. (*Welch v. Stocks* (1986), 152 Ill. App. 3d 1, 5.) We believe the *Welch* court was correct and we therefore adopt the reasoning and result it reached. Accordingly, to answer the first portion of the certified question, the doctrine of sovereign immunity acts as a bar to a contribution action against the State in the circuit court. However, third-party plaintiffs are free to pursue the action in the Court of Claims, which is the forum with exclusive jurisdiction over claims against the State.

■■ This result eliminates the perceived conflict between the Contribution Act and the principles of sovereign immunity and gives effect to the legislative intent expressed in all of the relevant statutory provisions. When two legislative schemes do not seem completely compatible, they should be interpreted so that meaning and effect is given to each statute. (*Arnolt v. City of Highland Park* (1972), 52 Ill. 2d 27.) Thus, our result is also consistent with fundamental principles of statutory construction. See also *Byron v. Village of Lyons* (1986), 148 Ill. App. 3d 1057.

■■ We turn now to the second portion of the certified question, whether common law public officials' immunity acts as a bar to an action for contribution by a joint tortfeasor. An examination of the doctrine of public officials' immunity and its purposes is necessary to the resolution of this question.

According to this doctrine, State and other public officials are immune from personal liability for acts which are governmental in nature and require the exercise of official discretion and judgment. (*Lusietto v. Kingan* (1969), 107 Ill. App. 2d 239; *People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485.) The doctrine is based upon the policy that public officials should be shielded from liability so that they are free to exercise their judgment based solely on their perception of the public's needs. (*Kelly v. Ogilvie* (1965), 64 Ill. App. 2d 144, *aff'd* (1966), 35 Ill. 2d 297.) In applying this doctrine, courts have held that when a public official's actions are governmental in nature, that is, unique to the particular governmental employment and not identical to actions performed by nongovernmental employees, the doctrine of immunity applies. (*E.g., Hanzel Construction v. Wehde & Southwick, Inc.* (1985), 130 Ill. App. 3d 196.) However, courts have held that individuals are not necessarily immune from suit merely because they are in the employ of the government. For example, one court determined

that negligent treatment of an inmate by a physician employed by the Department of Corrections was not conduct protected by public officials' immunity because a doctor's duty of care is the same for governmental employees and private practitioners alike. *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997.

■ The trial court and the third-party plaintiffs in this action correctly pointed out that there are several recent cases which have determined that third-party actions for contribution are not barred by common law or statutory immunities which would preclude a direct action by a plaintiff against the party from whom contribution is sought. In *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, the court was confronted with the question of whether the interspousal tort immunity doctrine barred a third-party contribution action when the third-party defendant was married to the plaintiff at the time her cause of action arose. That court noted the trend in Illinois to curtail common law tort doctrines and to allow contribution among joint tortfeasors, and held that equity required that the contribution action be allowed even though interspousal immunity would bar a direct suit by the plaintiff. Similarly, in *Moon v. Thompson* (1984), 127 Ill. App. 3d 657, the court held that the doctrine of parental tort immunity did not bar an action for contribution against the parents of a child who was struck by the defendant's vehicle. The court noted, however, that the third-party action would not violate the privacy of family unit in any manner not already condoned by the legislature, which dictates that parents oversee their children's use of bicycles. Later, an appellate court allowed a defendant sued by a child to maintain a contribution action against the parents. (*Hartigan v. Beery* (1984), 128 Ill. App. 3d 195.) Importantly, the court noted that parent-child immunity was based on the reluctance to create litigation between family members and that solely intrafamilial disputes would not be affected by the decision to allow contribution actions by parties outside the family unit. Based on the cases cited above and other similar cases, the third-party plaintiffs here contend that even if Wardell were entitled to public officials' immunity, that immunity would only protect him from a direct action and not a third-party complaint for contribution. We disagree.

Although several courts have determined that the public policy considerations associated with the Contribution Act prevail over various statutory and common law immunities, none of the cases addressed public officials' immunity or the public policy considerations surrounding this particular form of immunity. After a careful evaluation of the doctrine of public officials' immunity and the repercussions

which would follow if contribution actions could be maintained against officials immune from direct suits, we find that compelling public policy considerations mandate that the immunity bar actions for contribution.

As previously noted, public officials' immunity is grounded on the belief that officials ought to be shielded from personal liability for decisions made and actions taken in the performance of their employment. If a public official is haunted by the possibility of facing devastating personal liability for each employment decision and action which may inadvertently cause harm to another, employee performance will most certainly be hampered and, indeed, it may be difficult to find individuals willing to serve as public officials. In reversing a judgment against a highway maintenance supervisor whose failure to warn of or repair a hole allegedly caused an accident, this court found that the supervisor was protected by public officials' immunity and noted that, "If every rut, hole, or blemish on the highway were to create the possibility of personal liability against one or more employees of the State Highway Department, it would be impossible to find employees willing to serve under such conditions." (*Lusietto v. Kingan* (1969), 107 Ill. App. 2d 239, 246.) In our view, public officials' immunity was created and must act as a bar to all personal liability for employees' discretionary, governmental actions, whether liability is sought to be imposed through a direct action or a third-party action.

The State points out that in the cases which previously allowed third-party actions for contribution to prevail over claims of immunity, the relationship sought to be protected by the immunity was not affected by the third-party suit to any extent greater than that already allowed by the law. For example, the *Hartigan* court allowed a third-party action to prevail over a claim of parental immunity, but found that the decision would not affect solely intrafamilial suits. (*Hartigan v. Beery* (1984), 128 Ill. App. 3d 195, 199.) The same result would not be reached if contribution actions were permitted over claims of officials' immunity, the purpose of which is to protect public officials from personal liability, regardless of who brings the suit. If third-party actions were allowed, public officials would be unable to exercise their best judgments without fear of being held personally liable and suffering devastating economic losses, and as noted by the *Lusietto* court, it would be impossible to find responsible employees willing to serve under such conditions.

■ Accordingly, we acknowledge the trend allowing third-party actions to prevail over some immunities, but find overwhelming public policy considerations here which compel a different result. In response

to the second portion of the certified question, we find that if public officials' immunity would act as a bar to a direct suit against the official, then it must also act as a bar to a third-party suit for contribution.

 In conclusion, we find that the third-party complaint against Wardell may be barred in circuit court under either sovereign immunity or public officials' immunity and therefore reverse the trial court's order denying the State's motion to dismiss and remand for necessary factual determinations. If, as it appears from the memorandum opinion, the trial court found that the suit was actually one against the State, the cause of action may be pursued in the Court of Claims. If, instead, the trial court found that the suit was against Wardell individually, and that he is protected by public officials' immunity, the claim is barred completely by public officials' immunity. Because the trial court did not make a clear finding of whether the suit was in reality against the State and because the parties argued extensively about this matter on appeal, we remand the cause solely for a factual determination regarding the real party in interest so the parties will know whether there is a right to pursue the action in the Court of Claims.

Reversed and remanded.

SCOTT and STOUDER, JJ., concur.