DELLA KEENE, Guardian for Darrell W. Cope, an Adult Disabled Person, Plaintiff-Appellant, v. DIANE L. BIERMAN *et al.*, Defendants-Appellees.

Fifth District    No. 5—88—0173

Opinion filed June 16, 1989.

John Paul Womick & Associates, Chartered, of Carbondale, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen S. Rosenwinkel, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE RARICK delivered the opinion of the court:

Della Keene, as guardian for Darrell Cope, filed an action in the circuit court of Jackson County against Diane Bierman and Norman Hare for injuries Cope sustained in an automobile accident. Bierman was the driver of the car in which Cope was riding, and Hare was the engineer who designed the roadway. The record indicates that while returning from Lake Kincaid near Murphysboro, Illinois, Bierman swerved to avoid an animal in the road. The car left the roadway and struck a tree approximately three feet from the road. Cope suffered severe and permanent brain damage rendering him incompetent. The case against Bierman was settled and Keene proceeded against Hare alleging that Hare was negligent in designing the road. The State, on behalf of Hare, moved to dismiss the complaint alleging, *inter alia*, that the complaint was barred by statutory sovereign immunity and that the doctrine of public official immunity would bar recovery against Hare as he was an employee of the Illinois Department of Conservation at the time he designed the roadway. The trial court granted the State's motion and dismissed the complaint with preju-

dice pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619).

■ The doctrine of public official immunity shields public officials from personal liability for actions taken in the exercise of their official discretion. (*MidAmerica Trust Co. v. Moffatt* (1987), 158 Ill. App. 3d 372, 511 N.E.2d 964.) An act is considered "discretionary," as opposed to "ministerial," where it is governmental in nature, that is, where it is unique to the particular governmental employment. (*Stephens v. Cozadd* (1987), 159 Ill. App. 3d 452, 512 N.E.2d 812.) The purpose of the doctrine is to allow public officials to freely exercise their judgment according to their perception of public needs without fear of personal financial liability or having to defend various policy choices in court. *Kelly v. Ogilvie* (1965), 64 Ill. App. 2d 144, 212 N.E.2d 279, *aff'd* (1966), 35 Ill. 2d 297, 220 N.E.2d 174.

■ On appeal, Keene argues that Hare is not insulated from liability for his acts of negligence simply because he was an employee of the State. Keene contends that, as a registered professional engineer, Hare was obligated to meet a standard of care required by all those in his profession, and, while Hare may argue that his design of the roadway was not negligence, he cannot argue that by virtue of his employment he is free to disregard the standard of care owed by all professional engineers. In support of this argument, Keene cites *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131. In *Madden,* an action was brought against a physician for a negligent diagnosis which resulted in the death of a prison inmate. In declining to apply the doctrine of public official immunity, the court held the duty owed by the physician to his inmate patient was no different from that owed to his patients in the private sector and was not unique to his government employment. (*Madden* (1978), 56 Ill. App. 3d at 1002, 372 N.E.2d at 1134.) The decision in *Madden* was based on the activity of the physician, not his status as a professional, and therefore we do not find *Madden* dispositive of Keene's argument. Further, in *Madden,* because the physician was treating a particular individual, a doctor-patient relationship existed between them regardless of the fact that the doctor was actually employed by the State. No such relationship can be said to exist in this case between Hare and Cope. Hare had no relationship with Cope as an individual and therefore his status as a professional would not give rise to any basis for liability. Any duty owed by Hare was owed to the public generally. See *Lusietto v. Kingan* (1969), 107 Ill. App. 2d 239, 246 N.E.2d 24.

■ Hare's affidavit indicates that he was employed by the Department of Conservation as the Regional Engineer for Region 5 of

the Department of Conservation and that he reviewed and sealed the plans for the roadway in question. The plans for the roadway were drawn by the Water Resources Department of the Illinois Department of Transportation. From this we conclude that Hare's activity was clearly governmental in nature and that the doctrine of public official immunity applies.

The judgment of the circuit court of Jackson County is affirmed.

Affirmed.

WELCH, P.J., and HARRISON, J., concur.