Clifford Pree, Plaintiff-Appellee, v. Earl B. Hymbaugh, Defendant-Appellant.

### Gen. No. 10,241.

Third District.
October 22, 1959.
Rehearing denied December 1, 1959.
Released for publication December 1, 1959.

Cassidy and Cassidy, of Peoria, for defendant-appellant.

Clifford E. Schmidgall, and Knoblock and Ott, all of Peoria, for plaintiff-appellee.

JUDGE CARROLL delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Tazewell County on a jury verdict awarding plaintiff $7500 in damages for personal injuries sustained in a collision between plaintiff's passenger automobile and a truck driven by defendant.

At the time of the accident, plaintiff was driving his automobile North on Route 121, a two-lane paved highway, and the collision occurred when defendant, proceeding in the opposite direction, turned to the left onto an intersecting gravel road. The defendant, a township highway commissioner, was operating a township truck loaded with gravel which was being transported for use on a township road.

The complaint alleged due care on the part of plaintiff and charged defendant with negligence in the operation of the truck which proximately caused the collision and plaintiff's resulting injuries.

The defendant denied the negligence charges and filed an affirmative defense alleging that at and be-

fore the accident, he was an elected township official performing a governmental function and therefore immune from tort liability as asserted in the complaint. Plaintiff did not reply to the affirmative defense and defendant then moved for judgment on the pleadings on the ground that the defense of governmental immunity stood admitted by plaintiff's failure to reply thereto. Denial by the trial court of defendant's motion is assigned as error.

■ Defendant contends that pursuant to Section 32 of the Civil Practice Act, (Chap. 110, Ill. Rev. Stats. 1957), plaintiff was required to file a reply to the defense of immunity asserted in defendant's answer and that as the result of plaintiff's failure in that respect, the affirmative defense stands admitted. Such contention cannot be sustained for the reason that the record discloses that defendant introduced evidence to support the affirmative defense and in so doing must be deemed to have waived a reply. The argument advanced by defendant was rejected in Cienki v. Rusnak, 398 Ill. 77 and in so doing the court said:

"The failure to file a reply did not constitute an admission of the well-pleaded facts set forth in the amended answer for the reason that defendant, in introducing evidence in support of each affirmative defense, must be deemed to have waived a reply, regardless of the allegedly erroneous order of February 28 and regardless of his denial of waiver made at the commencement of the trial. Where, in the absence of a reply, defendant introduces evidence to prove an affirmative defense, the failure to file a reply is waived and the absence of a reply does not constitute an admission. (Watt v. Cecil, 368 Ill. 510; Piot v. Davis, 241 Ill. 434.) This is true even where defendant specifically asserts at the time of the trial that he does not waive the failure to file a reply. The important

214

and controlling circumstance is not what the defendant says but what he does, and the introduction of evidence in support of affirmative defenses constitutes the waiver."

The same rule was applied in Sottiaux v. Bean, 408 Ill. 25; Klukas v. Union Life Ins. Co., 348 Ill. App. 553. In view of these decisions, it must be held that defendant has not preserved the point now argued.

Alternatively, the defendant argues that if the procedural question raised by the motion for judgment on the pleadings was correctly resolved by the trial court, then at the close of the evidence a verdict for the defendant should have been directed or judgment for the defendant notwithstanding the verdict entered on the post trial motion. Such contention raises the question whether under the law of this state as it now stands, the defense of governmental immunity is available to defendant. Relied upon as supporting defendant's position are Nagle v. Wakey, 161 Ill. 387; and Mower v. Williams, 402 Ill. 486. In the Nagle case, the action was against the highway commissioners of a town for negligence in failing to provide railings for a bridge. The court held the commissioners were not liable because as an agency through which the town performs a public duty they were clothed with discretion in the exercise of the duties enjoined upon them and therefore, they might not be held liable for negligence in performing such duties to the public so long as they honestly exercised their discretion and judgment. Admittedly, analogy between the facts in the Nagle case and those appearing in the instant record is lacking. Here it is not claimed that plaintiff's injury resulted from the improper manner in which defendant discharged the duty of repairing or improving the highways within his jurisdiction. The complaint charges the defendant with negligently

215

operating a truck as a result of which plaintiff was injured.

The defendant in the Mower case, decided in 1949, was an employee of the state highway department and was operating a state truck equipped with a snowplow and was engaged in clearing snow from the highway when the truck collided with a car in which the plaintiff was riding. The Supreme Court held that the removal of snow and ice from the highway was a governmental as distinguished from a ministerial function and since at the time of the accident, defendant was engaged in performing a duty of a governmental character, he was not liable for defects in judgment in carrying out such duty. While the Mower case might appear to furnish some support for defendant's contention, we think the effectiveness thereof as a precedent in the instant case has been destroyed by the Supreme Court's opinion in Hering v. Hilton, 12 Ill.2d 559 which was decided in 1958.

In the latter case, the defendant, who was driving a township truck, was engaged in cutting grass and weeds along the roadways. Plaintiff sued for personal injuries sustained in a collision between her automobile and the truck driven by defendant. The complaint as originally filed, charged defendant with negligence in the operation of the truck. At the close of plaintiff's evidence, the defendant filed an affirmative defense alleging immunity from liability by reason of the fact that he was engaged in maintaining public roads for a township. At the close of all the evidence, the trial court, on the basis of the affirmative defense, directed a verdict for defendant. Plaintiff thereupon amended the complaint by adding a willful and wanton misconduct count. Defendant's motion for a directed verdict on the added count was denied. On appeal to this court we held that as a matter of law, defendant was not guilty of wanton and willful misconduct and

reversed the cause (13 Ill.App.2d 132). Having granted leave to appeal, The Supreme Court reversed and remanded the cause to the Appellate Court with directions to reconsider the willful and wanton misconduct issue. The basis of the Supreme Court's decision is found in the following excerpt from its opinion:

"We must agree with plaintiff that the Appellate Court's misconception of why the trial court granted the directed verdict on the negligence count was material to the Appellate Court's conclusion that defendant was not guilty of willful and wanton misconduct as a matter of law. Although the Appellate Court had already reached that conclusion from its analysis, nevertheless, it buttressed its conclusion with the observation that since the trial court did not even find evidence of negligence, defendant's conduct could hardly be willful and wanton. However, as hereinbefore noted, the trial court granted the directed verdict on the negligence count, not because there was no evidence of negligence, as the Appellate Court apparently thought, but because of the affirmative defense that defendant's performance of a governmental function relieved him of liability for negligence, which issue was not considered by the Appellate Court. The trial court was misled by what was erroneously determined in the Mower case as to the affirmative defense, but this issue is not reviewable in the absence of a cross appeal."

Two of the judges, while dissenting from the court's determination on the willful and wanton misconduct issue, agreed with the majority opinion that the decision in Mower v. Williams was in error and that an employee who drives a motor vehicle for a government agency is not clothed with governmental immunity. Defendant insists that since the issue of governmental immunity was not reviewable on the appeal in the Hering case, what the Supreme Court said on such

217

issue is *obiter dictum* and does not constitute authority for holding contrary to the decision in the Mower case.

█ With this contention we cannot agree for the reason that it is made clear in the opinion in the Hering case, that the Supreme Court in disposing of the issues raised on the appeal, deemed it necessary to declare that its determination as to the affirmative defense in the Mower case was erroneous. In fact, the basis of the Supreme Court's conclusion was that the trial court applying the rule in the Mower case had held the defendant to be free from liability for negligence but which the Appellate Court interpreted as holding that there was no evidence of negligence on defendant's part. Accordingly, we think that what the Supreme Court said with reference to its prior decision in the Mower case must be regarded as an expression of opinion on a point deliberately passed upon and therefore should be held to be judicial *dictum*, rather than mere *obiter*. It is therefore our opinion that the defense of governmental immunity from liability for negligence was not available to the defendant and the trial court did not err in denying the motion for judgment on the pleadings.

Defendant further contends that plaintiff failed to prove due care on his part and also failed to prove that the defendant's negligence was the proximate cause of plaintiff's injuries.

█ It is a well established rule that the question as to whether or not a plaintiff has been guilty of contributory negligence is a matter of fact for the jury to determine and becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds in the exercise of fair and honest judgment would reach the conclusion that there was contributory negligence. Pinkerton v. Oak Park Nat. Bank, 16 Ill.App.2d 91; Lasko v.

218

Meier, 394 Ill. 71; Bunton v. Illinois Cent. R. Co., 15 Ill.App.2d 311.

The facts surrounding the occurrence are in dispute. Substantially, plaintiff's testimony is that just prior to the accident, he was proceeding North in his proper traffic lane at between 50 and 55 miles per hour and was approaching an intersecting gravel road running East and West; that he saw defendant's truck approaching from the South at a speed of 20 miles per hour; that when plaintiff was about 300 feet from the truck, he saw it drift to the East side of the pavement; that the truck was then 90 to 100 feet from the gravel road; that when he saw the truck drifting to the left he removed his foot from the accelerator; that when the truck had continued to drift to its left and was within 100 feet of plaintiff's car, he applied his brakes and drove onto the right shoulder of the pavement and turned to the left to avoid a head-on collision with the truck; that after starting to drive to the East side of the pavement, the truck at no time pulled back to the right; and that plaintiff saw no signals on the approaching truck.

Defendant testified that as he approached the gravel road intersection, he was going to make a left turn and go East; that he first saw plaintiff's car when it was 300 to 400 yards away; that he was then in the right traffic lane and 30 to 40 feet North of the intersection and travelling at 10 to 20 miles per hour; that when he was 25 to 30 feet from the intersection, he started to make his left turn; that he was then watching plaintiff's car which was weaving and proceeding at terrific speed; that the right wheels of plaintiff's car were on the right shoulder and continued there until the collision with the truck; that the back-end of the truck had reached the gravel road intersection

219

when the collision occurred; that before making the left turn he gave his signal with his lights.

State Trooper Burke who investigated the accident stated that when he found the truck it was facing South on the East side of the highway; that the front of the truck was right before the turn into the gravel road and approximately even with the fence line along the North side of the gravel road.

Deputy Sheriff Kessinger also testified as to the position of the vehicles following the collision and his testimony is in substantial agreement with that given by Officer Burke. One of several photographs in evidence seems to corroborate the testimony of the police officers and tends to show that the accident occurred before the truck had completed the turn into the gravel road.

Wayne Woodrum, only occurrence witness other than the parties, testified for the defendant and stated that just before the collision, witness was driving 40 to 50 feet behind the plaintiff's car and saw the accident; that plaintiff's car was weaving and bobbing across the black line; that the collision took place about the length of the truck North of the gravel road; and that witness saw the truck on the East side of the pavement before it reached the gravel road.

The defendant further testified that after the accident he smelled alcohol about plaintiff's body and the witness Woodrum also gave an opinion that plaintiff was intoxicated. This evidence on the question of intoxication is contradicted by the testimony of the attending doctor and Officer Burke.

██ In determining whether plaintiff was guilty of contributory negligence as a matter of law, this court is precluded from weighing conflicting evidence but is required to consider all the evidence together with all reasonable inferences therefrom in its aspect most favorable to the plaintiff. Merlo v. Public Service Co.

220

of Northern Illinois, 381 Ill. 300; Lindroth v. Walgreen Co., 407 Ill. 121; Bunton v. Illinois Cent. R. Co., 15 Ill.App.2d 311.

■ It follows that the issue of due care is properly taken from the jury only where there is a complete lack of evidence tending to prove this particular element of the plaintiff's case.

■ From the testimony to which we have referred, it is apparent that there was evidence to support the jury's verdict with respect to the issue of due care and we are not prepared to say that all reasonable minds would reach the conclusion that plaintiff was guilty of contributory negligence as a matter of law.

■■ Defendant further contends that the verdict of the jury was contrary to the manifest weight of the evidence and that the trial court erred in refusing to grant a new trial. We have repeatedly held that a verdict reached upon conflicting evidence can be said to be contrary to the manifest weight thereof only where a conclusion opposite to that reached by the jury is clearly evident. Stone v. Guthrie, 14 Ill.App.2d 137; De Legge v. Karlsen, 17 Ill.App.2d 69; Bunton v. Illinois Cent. R. Co., supra. In the instant case there is substantial conflict in the evidence but we cannot say that a conclusion contrary to that reached by the jury is clearly apparent and under such circumstances our judgment will not be substituted for that of the jury. Finally it is contended by defendant that the Illinois Motor Vehicle Act upon which plaintiff's action is predicated does not apply to defendant. The basis for such argument is Sub-Sec. (d) of Sec. 120, Chap. 95½, Ill. Revised Statutes, 1957, which is as follows:

"(d) The provisions of this Act shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of

the highway but shall apply to such persons and vehicles when traveling to or from such work".

The evidence shows that at the time of the collision the defendant was driving a truck loaded with gravel which was to be spread upon a gravel road several miles distant from the accident scene which was on paved Route 121. Since defendant was not then actually engaged in work upon the surface of the highway, he does not come within the exemption provided by the Statute.

The judgment of the Circuit Court of Tazewell County is affirmed.

Affirmed.

REYNOLDS, P. J. and ROETH, J., concur.