The People of the State of Illinois, Plaintiff-Appellant, *v.* Joseph Theo, Defendant-Appellee.

(No. 54781;

First District—June 30, 1971.

*Rehearing denied September 15, 1971.*

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel,) for the People.

Charles B. Evins, R. Eugene Pincham, and Earl E. Strayhorn, all of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Joseph Theo, was charged in an indictment with the offense of armed robbery. Subsequent to his arrest he filed a motion to suppress (1) the shoes taken from his person shortly after his arrest, and (2) certain articles taken from an apartment leased to one, Kathy Podkowa. After an evidentiary hearing conducted on July 30, 1969, Judge Emmett Morrissey denied the motion both with respect to the shoes and with respect to the other articles taken from the Podkowa apartment. On September 18, 1969, the cause was reassigned to Judge Daniel J. Ryan. The motion to suppress was renewed, and after an evidentiary hearing conducted on October 21, 1969, Judge Ryan granted the motion to suppress with respect to the shoes, but denied it with respect to the articles taken from the apartment. On October 31, 1969, the cause was stricken with leave to reinstate on the motion of the State. This appeal was taken by the State pursuant to Supreme Court Rule 604 (a). Ill. Rev. Stat. 1969, ch. 110A, par. 604 (a).

On appeal, the State contends that it was error for the trial judge without statutory authorization to rehear the motion to suppress upon which another trial judge, sitting in a court of equal jurisdiction had ruled previously. In the alternative, it contends that even if the motion were properly reheard, the motion should not have been granted with respect to the shoes because the defendant was lawfully arrested before the shoes were seized.

We first consider the threshold question of whether the trial judge properly reheard the motion to suppress. The procedure for suppressing unlawfully seized articles is set forth in Section 114—12 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1967, ch. 38, par. 114—12). Section 114—12 (d) of the Code, as written at the time that the motion to suppress was first filed and heard provided:

> "The motion shall be made only before a court with jurisdiction to try the offense and the motion may be renewed if the trial takes place before a judge other than the one who heard the motion."

Subsequent to the first hearing on the motion to suppress, but prior to the second one, an amendment to Section 114—12 (d) became effective which deleted the phrase, "* * * and the motion may be renewed if the trial takes place before a judge other than the one who heard the motion." So that at the of the second hearing Section 114—12 (d) provided only that "[t]he motion shall be made only before a court with jurisdiction to try the offense." The question presented is whether the amendment to Section 114—12 (d) operates to bar the renewal of the motion to suppress at the second hearing.

The State argues, "Clearly, when the Code of Criminal Procedure was enacted, the legislature intended it to apply to pending cases and to that extent to be retrospective. So also, an amendment to the Code of Criminal Procedure should apply to pending cases." It is further pointed out that "[t]he evil designed to be remedied by repealing legislation must be considered. Valuable court time is lost by rehearing matters already adjudicated at the trial level. Judges of equal jurisdiction should not be asked to review each other where a court in the first instance acted in full exercise of the jurisdiction."

The defendant argues first, that there is no language in the amendment which indicates that it is to have retrospective effect and that the trial judge in exercising his inherent power to rule on the admissibility of evidence properly reheard the motion to suppress. He argues second, that the right to present a motion to suppress prior to trial and then to renew it before the judge who would preside at trial became vested upon his arrest and indictment and that the amendment would constitute an *ex post facto* law if construed to deprive him of this right.

██ A defendant in a criminal proceeding instituted by the State is entitled to have articles and property unlawfully seized from him by police officers excluded from evidence against him, under the Constitution of the United States (*Mapp v. Ohio*, 367 U.S. 643), and under the Constitution of the State of Illinois. *People v. Castree*, 311 Ill. 392, 143 N.E. 112.

On January 29, 1969, the defendant, pursuant to Section 114—12 of the Code of Criminal Procedure of 1963, filed a motion to suppress, which after a hearing, was denied. At the time the motion was denied, Section 114—12 (d) of the Code provided that a defendant could renew his motion to suppress in the event that the trial was conducted before a judge other than the one who originally ruled upon the motion. Subsequently, that portion of Section 114—12 (d) which empowered a defendant to renew a motion to suppress, was deleted by amendment; but the amendatory act contained no provisions specifying whether the amendment should be applicable to cases pending on its effective date. The effect of the amendment if construed to apply to this particular case was to preclude any further consideration of the legality of the seizure of the shoes and other articles until possible appellate review of a conviction.

██ As a general rule statutes and amendatory acts are presumed to operate prospectively unless the statutory language is so clear as to admit of no other construction. (*Country Mutual Insurance Co. v. Knight*, 40 Ill.2d 423, 240 N.E.2d 612, *New York Life Ins. Co. v. Murphy*, 388 Ill. 316, 58 N.E.2d 182.) One of the exceptions to this general rule is that statutes or amendments which relate only to remedies or forms of procedure are given retrospective application. (*Orlicki v. McCarthy*, 4 Ill.2d 342, 122 N.E.2d 513.) This exception, however, is not always applied. The operation of a procedural rule can affect the assertion of a right, and when the effect of a new procedural rule on its effective date is to destroy a right, the statute or amendment creating the rule is not applied retrospectively. *Hogan v. Bleeker*, 29 Ill.2d 181, 193 N.E.2d 844.

██ The amendatory act invoked here contains no language which indicates that it is to operate retrospectively. In our opinion, a statute or amendment which restricts the opportunities of a defendant in a criminal proceeding to present and assert constitutional claims should be applied prospectively in the absence of an expression of legislative intent to the contrary; particularly is this true where, as here, prior to the effective date of the act or amendment the defendant has invoked the less restrictive procedure. Consequently we hold that the amendment to Section 114—12 (d) does not apply to the present case and that the trial judge properly reheard the motion to suppress.

Having concluded that the motion to suppress was properly reheard, we must next consider whether the defendant was lawfully arrested prior to the seizure of the shoes. The record discloses that at approximately 11:45 A.M. on January 26, 1968, the Kroger Food Store at 5330 West Division Street in Chicago, Illinois was robbed of $8,300.00 by two masked gunmen. One of the robbers was described as a 30 year old, 6 foot two inch tall, white male who weighed approximately 160 pounds. The other was described as a 30 year old, 5 foot 9 inch tall, white male who weighed approximately 150 pounds. The two men were carrying a blue canvas bag and a radio capable of receiving police calls.

Sergeant Kenneth Curin of the Chicago Police Department was assigned to investigate the robbery. He testified that he received information concerning the crime and descriptions of the offenders. At approximately 1:30 P.M. on the day of the crime he received a telephone call from an informer whom he had never seen or spoken to before, but whom he knew had given information which had resulted in arrests and convictions. The informer told him that it was a Walter Zischke and a Joseph Theo who had robbed the Kroger Food Store and that they could be found at Zischke's home at 1930 South Cicero Avenue in Cicero, Illinois. After this conversation he went to Cicero, determined that Zischke lived at the address given, but found neither Zischke nor Theo there.

When he returned to the police station, he received a second telephone call from the informer who told him that the two offenders would be found at 3935 West Diversey in an apartment leased to Kathy Podkowa, Zischke's girl friend. He, along with other officers went to the Podkowa apartment, knocked on the door, and observed inside a parolee, named Chris Boulis, who was not permitted to be in Illinois. Boulis slammed the door, but he and the others pushed it open and entered the apartment without a search warrant. Upon a search they found a blue canvas bag containing three guns and a portable radio capable of monitoring police calls.

Boulis, who had known Zischke and Theo for a number of years, agreed to assist in the apprehension of the two suspects. At approximately 9:15 P.M., the telephone rang. Boulis answered, and told the caller to come to the apartment. After the conversation, he identified the caller as Zischke. When Zischke arrived shortly thereafter, he was arrested. At approximately 10:00 P.M., there was a second telephone call. Boulis, who again answered, told the caller to come to the apartment, and announced after hanging up the telephone, that Theo was on his way to the apartment. At 11:00 P.M. the telephone rang for a third time. Boulis once again answered and this time he agreed he would go downstairs to open

the front door so Theo would not have to ring the bell. Lieutenant Locallo and Boulis went downstairs to the front door. Sergeant Curin and his partner went out the back door of the building and walked around to the front. Two minutes later, Curin observed a man walk east on Diversey and then turn toward the entrance of the building. He and his partner grabbed and arrested the man at the outer vestibule door just as Boulis who was standing inside the building nodded. In response to a question seeking to clarify the exact point in time when Boulis nodded, Curin responded, "It was like a simultaneous thing. We grabbed Joseph Theo, my partner and I, and Chris Boulis was standing on the inner stair and gave a nod of the head."

Theo was taken to the police station, placed in a lineup, and identified by three witnesses. Afterwards, his shoes were removed and a print was made of the heel for use as evidence against him.

The defendant urges that the motion to suppress the shoes was properly granted because the information in the possession of the police officers, at the time of his arrest, would not have been sufficient to justify the issuance of an arrest warrant by an impartial magistrate. He argues, "The record is clear that at the time of Appellee's arrest, Officer Curin did not know the man he was arresting was Joseph Theo. He did not learn that it was appellee until after the arrest when Boulis nodded in the affirmative. When Appellee was arrested, the only basis for the arrest was that he was a white male, 5'6" tall." We do not agree.

■■ A police officer may arrest a person without a warrant when "[h]e has reasonable grounds to believe that the person is committing or has committed an offense." Section 107—2(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1967, ch. 38, par. 107—2(c)). Probable cause for the arrest of a person exists as pointed out in *People v. Peak*, 29 Ill.2d 343 at 348, 194 N.E.2d 322 at 325, "when the facts and circumstances within the arresting officer's knowledge, and of which he had reasonable and trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in believing that an offense has been committed, and that the person arrested is guilty." The question of what information is necessary and sufficient to establish probable cause is always dependent upon the facts and circumstances of each individual case. *People v. McCrimmon*, 37 Ill.2d 40, 224 N.E.2d 822.

■■ In the present case Sergeant Curin was familiar with the circumstances surrounding the commission of the crime and in addition had general descriptions of the two robbers. Shortly after the offense was committed he received information from an informer who was known to the police, that the defendant was one of the robbers. As a result of this information, he went to an apartment leased to Kathy Podkowa where

he found a blue canvas bag and a radio—which were articles similar to those used in the robbery under investigation. At the same apartment, Chris Boulis, who had known both Zischke and Theo for a number of years, agreed to assist the police in the apprehension of the two suspects. At 11:00 P.M., Boulis told the police, after a telephone conversation, that Theo was coming to the front door of the apartment. About two minutes later, he identified Theo, who was approaching the entrance to the building, and the police placed Theo under arrest. The police had reason to rely on this identification of the defendant because earlier in the evening Boulis had identified and assisted in the capture of the other suspect, Walter Zischke. Viewing the totality of the facts and circumstances known to the officers at the time of the arrest, we must conclude that they had reasonable grounds to believe that Joseph Theo had committed the robbery which they were investigating and that the man arrested was Joseph Theo. The shoes were not the fruit of an unlawful arrest and the motion to suppress should not have been sustained.

For the reasons set forth above the granting of the motion to suppress is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

ADESKO, P. J., and DIERINGER, J., concur.