FRANK GOLDEN, Plaintiff-Appellee, *v.* GERRY R. HOLADAY, Defendant-Appellant.

Third District   No. 77-418

Opinion filed May 16, 1978.

William J. Scott, Attorney General, of Chicago (William J. Fitzpatrick, Assistant Attorney General, and Edmund T. Cranch, law student, of counsel), for appellant.

Horwitz, Anesi, Ozmon & Associates, Ltd., of Chicago (John B. Adams and Tim Ashe, law student, of counsel), for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Frank Golden, commenced this action in the circuit court of Putnam County to recover damages occasioned by the alleged negligent conduct of defendant, Gerry Holaday. The circuit court denied defendant's motion to dismiss for lack of jurisdiction and motion for rehearing and defendant perfected this interlocutory appeal.

On August 14, 1975, defendant, an employee of the Illinois Department of Mental Health and Developmental Disabilities, was returning to Peoria from Streator, Illinois, where she had been on departmental business. While it appears defendant's work required travel, her usual place of employment is the Zeller Zone Center in Peoria. The car defendant was driving was a State owned vehicle which defendant had obtained from a State motor pool adjacent to the Zeller Zone Center. While en route to Peoria, defendant was involved in a collision with two other vehicles, one of which was driven by plaintiff. On May 20, 1977, plaintiff filed a complaint in the circuit court of Putnam County which named Gerry Holaday as the sole defendant and alleged that her negligent acts and omissions were the proximate cause of the accident. Upon receiving the summons and complaint, defendant contacted both her personal insurance carrier and legal counsel for the Department.

Counsel for the insurance company and a special assistant attorney general filed motions to dismiss. The Attorney General's motion was made pursuant to a special and limited appearance and requested the circuit court to dismiss for lack of jurisdiction. In support of this motion and a later motion for rehearing, the Attorney General contended that the Illinois Court of Claims had exclusive jurisdiction over claims arising out of accidents involving employees of the State of Illinois acting within the scope of their employment. In response, plaintiff argued that while the only forum for adjudication of claims against the State of Illinois as a

party defendant was in the Illinois Court of Claims, the complaint did not seek damages from the State of Illinois under respondeat superior, but sought redress only from an individual for the negligent operation of a motor vehicle. Although the court denied each of defendant's motions, it found that its order involved a question of law as to which there was a substantial difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation. Defendant was granted leave to appeal pursuant to Supreme Court Rule 308. Ill. Rev. Stat. 1977, ch. 110A, par. 308.

At the core of the present dispute are several amendments to section 35.9 of the Civil Administrative Code of Illinois. (Ill. Rev. Stat. 1977, ch. 127, par. 35.9.) In 1975, section 35.9 was amended twice, once by Public Act 79-298, effective August 4, 1975, and once by Public Act 79-352, effective August 7, 1975. The latter of these two acts provided that the State would purchase public liability insurance to cover employees driving State owned motor vehicles. Section 35.9 was amended twice more in 1976, once by Public Act 79-1331, effective July 28, 1976, and once by Public Act 79-1454, effective August 31, 1976.

Public Act 79-1331 added a new subsection (m) which provides:

> "(m) Any plan for public liability self-insurance implemented under this Section shall provide that (1) the Department of Finance * * * shall attempt to settle and may settle any public liability claim filed against a State employee on the basis of an occurrence in the course of his State employment * * *. Whenever and to the extent that a State employee operates a motor vehicle or engages in other activity covered by self-insurance under this Section, the State of Illinois shall defend, indemnify and hold harmless such employee against any claim in tort filed against such employee for acts or omissions within the scope of his employment in any proper judicial forum and not settle pursuant to this subsection, provided that this obligation of the State of Illinois shall not exceed a maximum liability of $2,000,000 for any single occurrence in connection with the operation of a motor vehicle or $100,000 for any other single occurrence. Any claims against the State of Illinois as a self-insuror which are not settled pursuant to this subsection shall be heard and determined by the Court of Claims, and may not be filed or adjudicated in any other forum."

Public Act 79-1454 seems to have been designed to eliminate certain inconsistencies between the two 1975 amendments, but did not contain the subsection (m) referred to above, even though the effective date of Public Act 79-1454 is after the effective date of Public Act 79-1331. This inconsistency between the two 1976 amendatory acts was apparently

anticipated by the legislature because Public Act 79-1454 contains the following proviso:

> "This revisory bill does not include any changes made necessary by the enactment of any Act of the 79th General Assembly after Public Act 79-1192."

The most recent amendment to section 35.9, Public Act 80-57, became effective July 1, 1977. The content of subsection (m) in this latest amendatory act conforms substantially to the content of its predecessors, with minor changes as to what department is responsible for implementing section 35.9. While subsection (m) of section 35.9 was not in effect when the plaintiff's cause of action arose, it was effective when plaintiff filed his complaint in the circuit court of Putnam County.

Defendant argues that section 35.9, in conjunction with the Court of Claims Act (Ill. Rev. Stat. 1977, ch. 127, par. 801 *et seq.*) requires that unsettled claims such as those in this case must be resolved in the Illinois Court of Claims. While subsection (m) was not in effect when plaintiff's cause of action arose, defendant claims that because the subsection is procedural, it should be given retroactive application. In response, plaintiff assumes for the purpose of argument that if the instant cause of action arose subsequent to the enactment of the 1976 amendments, his claim would have to be filed in the Court of Claims. He contends, however, that the 1976 amendment, and in particular Public Act 79-1331, affect substantive rights of a litigant and should be given prospective effect only. Hence, the issue is whether subsection (m) of section 35.9 should be applied retroactively or only prospectively. In light of plaintiff's position, we find it unnecessary to express an opinion as to whether by virtue of subsection (m) the Court of Claims has sole and exclusive jurisdiction over complaints such as the one filed by plaintiff herein, but merely assume that it does. We affirm.

Before embarking on a discussion of the retroactive-prospective aspects of subsection (m), we must ascertain if prior to the enactment of subsection (m), the circuit court had jurisdiction to hear complaints such as plaintiff's. Unless such jurisdiction did exist, an examination of the merits of defendant's claims of retroactive application is unnecessary. We believe that such jurisdiction did exist.

Prior to the abolition of governmental immunity by the 1970 Illinois Constitution, a governmental employee was subject to suit in the circuit court for negligently driving a governmentally owned vehicle while in the course of his employment. (*Pree v. Hymbaugh*, 23 Ill. App. 2d 211, 162 N.E.2d 297.) In *Lusietto v. Kingan*, 107 Ill. App. 2d 239, 242, 246 N.E.2d 24, 26, the court stated:

> "We believe that the law is clear that a state highway employee

may be sued and held individually liable for certain negligent acts committed by him in the course of his employment. *Creamer v. Rude,* 37 Ill. App. 2d 148, 185 N.E.2d 345. * * * In the *Creamer* case above cited and in the cases of *Hering v. Hilton,* 12 Ill. 2d 559, 147 N.E.2d 311, and *Pree v. Hymbaugh,* 23 Ill. App. 2d 211, 162 N.E.2d 297, * * * the defendants in each case were operating motor vehicles on the public highways in a negligent manner. What the opinions said in those cases, in effect, was that the fact of governmental employment could not be used as a shield. The duty imposed on those defendants was held to be the same duty imposed on all other persons operating motor vehicles on the publc highways. We believe this to be sound law."

While the court held that defendant was engaged in discretionary acts in discharge of his duties of employment and therefore immune from suit, the above passage indicates that a negligent driver could be sued individually in the circuit court.

In *Madden v. Kuehn,* 56 Ill. App. 3d 997, 372 N.E.2d 1131, suit was brought against a physician who was an employee of the Illinois Department of Corrections for his alleged negligent treatment of plaintiff's decedent, who was an inmate at the Illinois State Correctional Center at Vandalia. The State of Illinois and the Director of the Department of Corrections were also named defendants. The trial court granted motions to dismiss filed by the physician, the State of Illinois and the director. On appeal, the court held that suit against the State of Illinois and the director would lie only in the Court of Claims and affirmed the trial court's dismissal of both parties. However, the court also found that the suit against the physician was not a suit against the State and after determining that no public official's immunity existed in favor of the physician, the appellate court remanded the cause against the physician to the circuit court for trial. In light of these decisions, we believe that as of the time of plaintiff's injury, the circuit court had jurisdiction to hear plaintiff's complaint. This brings us to the question of whether the amendatory act should be given prospective or retroactive effect.

■■ Statutes and amendatory acts are generally presumed to operate prospectively unless the statutory language is clear and expressly provides otherwise. (*Country Mutual Insurance Co. v. Knight,* 40 Ill. 2d 423, 240 N.E.2d 612.) Though this is the general rule, statutes which are procedural are given retrospective application. (*Orlicki v. McCarthy,* 4 Ill. 2d 342, 122 N.E.2d 513.) But even this exception is not without a further limitation. "The operation of a procedural rule can affect the assertion of a right, and when the effect of a new procedural rule on its effective date is to destroy a right, the statute or amendment creating the rule is not applied retrospectively. *Hogan v. Bleeker,* 29 Ill. 2d 181, 193 N.E.2d 844."

(*People v. Theo*, 133 Ill. App. 2d 684, 687, 273 N.E.2d 498, 501.) "Substantive" is generally defined as relating to the creation, definition, and regulation of rights whereas "procedural" pertains to the method of enforcing or redressing those rights. Black's Law Dictionary 1367, 1598 (4th ed. rev. 1968).

The difficulty in applying the procedural-substantive distinction lies with the fact that without adequate means of redressing a right, the right itself is like so many words in the wind. Hence, a statute of a type generally considered to be procedural can assume substantive dimensions when it renders ineffective a pre-existing right. As was aptly stated by our supreme court, "Remedies are the life of rights, and are equally protected by the constitution. Deprivation of a remedy is equivalent to a deprivation of the right which it is intended to vindicate, unless another remedy exists or is substituted for that which is taken away." *Board of Education v. Blodgett*, 155 Ill. 441, 450, 40 N.E. 1025, 1027. Accord, *Hogan v. Bleeker*, 29 Ill. 2d 181, 193 N.E.2d 844.

■■ Retroactive application of the 1976 amendatory acts to require plaintiff to proceed exclusively in the Court of Claims would effectively bar plaintiff from pursuing his complaint. Section 22—1 of the Court of Claims Act provides that within six months from the date injury was received or the cause of action occurred, a prospective claimant must file a notice with the Attorney General's office and in the office of the Clerk of the Court of Claims. (Ill. Rev. Stat. 1977, ch. 37, par. 439.22—1.) Failure to file such a notice bars the claimant from any further action in the Court of Claims. (Ill. Rev. Stat. 1977, ch. 37, par. 439.22—2.) The accident occurred in August 1975, but the amendments in question were not effective until approximately one year later. According to the statutes in effect at the time of his injury, plaintiff could file against defendant individually in the circuit court, though not required to do so. While the failure to file the appropriate notice within six months of the date of the accident may have barred plaintiff from the Court of Claims, he was still entitled at such time to pursue his cause of action in the circuit court. Yet, by applying retroactively an amendatory act which was not effective until six months after the deadline for filing notice with the Court of Claims, plaintiff would be denied any forum in which he could effectively assert his rights. Adopting the defendant's position would penalize plaintiff for choosing one of two proper forums by denying him any forum in which he could presently assert his cause of action against defendant. We do not believe plaintiff should be so penalized.

■■ Furthermore, by applying the acts retroactively to require plaintiff to sue in the Court of Claims, plaintiff would lose the right to a jury trial, a right which was available to him at the time of his injury, and at least until the 1976 amendment became effective. Since the effect of the amendatory

act on its effective date would destroy plaintiff's right to sue defendant individually in the circuit court and plaintiff is barred from pursuing his cause of action in the Court of Claims, we believe the 1976 amendatory acts should not be applied retroactively. In light of the foregoing, the circuit court was correct when it denied defendant's motions.

For the foregoing reasons the order of the circuit court of Putnam County denying defendant's motions is affirmed and the cause remanded for further proceedings consistent with the views expressed herein.

Judgment affirmed and remanded.

STENGEL and SCOTT, JJ., concur.