Dan AMBROSINO, et al., Plaintiffs,

v.

RODMAN & RENSHAW, INC., et al., Defendants.

No. 84 C 4586.

United States District Court, N.D. Illinois, E.D.

Jan. 23, 1986.

Allen B. Witz, James S. Barber, Andrew B. David, Arvey, Hodes, Costello & Burman, Chicago, Ill., for plaintiffs.

Ira Gould, Victoria Zielinski, Holleb & Coff, Ltd., Chicago, Ill., for Richard Berry and Berry Petroleum Consultants.

Robert B. Smidt, pro se.

Ira S. Kolb, Robert Dunn Glick, Franklin S. Schwerin, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for Rodman & Renshaw, Inc., Rodman Properties, Ltd., Richard Rice, Alan Berggren and John Weiss.

Brian J. Wanca, Margaret A. Unger, John W. Emerson, Johnson, Cusack & Bell, Ltd., Chicago, Ill., for William J. Pitts Enterprises, Inc., William J. Pitts, John J. Harte, Pexco 81–Year End Drilling Program, Pexco 82–2 Drilling Program.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

In this securities fraud case, Plaintiffs are purchasers of limited partnership interests in one or more of three oil and gas drilling programs, referred to in the amended complaint (the "complaint") as the PEXCO drilling programs. The three separate programs are designated PEXCO 81–1 Drilling Program ("81–1"), PEXCO 81–Year End Drilling Program ("81–Year End"), and PEXCO 82–2 Drilling Program ("82–2"). Plaintiffs are suing Defendants 81–1; 81–Year End; 82–2; Rodman & Renshaw, Inc. ("R & R"), a securities brokerage firm which, Plaintiffs allege, acted as an underwriter and participated in the sale of the limited partnership interests in the PEXCO drilling programs; Richard Rice, an employee and officer of R & R; Allen Berggren and John Weiss, R & R account executives and salespersons, also alleged to have participated in the sale of securities to Plaintiffs; William J. Pitts Enterprises, Inc. ("WJPE"), the general partner of the three PEXCO drilling programs, William J. Pitts and John J. Harte, respectively the president and vice president of WJPE and its sole shareholders; and Richard Berry (collectively "Defendants"). Like the other Defendants, Pitts, Harte, and Berry are alleged to have participated in the sale of securities to Plaintiffs. This court has jurisdiction pursuant to 28 U.S.C. § 1331 as well as 15 U.S.C. § 77v, 15 U.S.C. § 78aa and 18 U.S.C. § 1964(c). The court has pendent jurisdiction over Plaintiffs' state law claims.

Currently before the court are Defendants' motions to dismiss and sever the complaint and the parties' cross-motions for partial summary judgment. For the reasons set forth below, Defendants' motions to sever are denied. Defendants' motions to dismiss are granted in part and denied in part. The cross-motions for summary judgment are denied.

The basis of the complaint essentially is that Defendants induced Plaintiffs, through a series of meetings and telephone conversations, to participate in one or more of the three drilling programs by making numerous misrepresentations to Plaintiffs regarding such things as the security of Plaintiffs' investment, the type of drilling that would be undertaken, the location of the drilling, and R & R's investigation of the programs as well as its expertise in the financing or sale of oil and gas drilling programs. Plaintiffs further allege that Defendants omitted numerous material facts in their efforts to persuade Plaintiffs to purchase interests in the limited partnerships. Plaintiffs bring this action pursuant to §§ 12(2) and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77l (2), 77q(a) (the "1933 Act"); § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the "1934 Act"), and Rule 10b–5, promulgated thereunder, 17 C.F.R. § 240.10b–5; the Racketeer Influenced and Corrupt Orga-

nizations Act (RICO), 18 U.S.C. § 1961 *et seq.;* the Illinois Securities Act of 1953, Ill.Rev.Stat. ch. 121½, § 137.1 *et seq.;* the Florida Securities Act, Fla.Stat. § 517.011 *et seq.;* and common law. Plaintiffs seek rescission as well as their damages, punitive damages as to certain of the counts, treble damages as to the RICO count, and costs. We discuss each of the motions in turn, adding to the particular facts as is necessary.

## I. *The motion to dismiss and sever*

### A. *Motion to sever*

■ Defendants request that each plaintiff's claim be severed, arguing that one suit involving over thirty plaintiffs is unwieldy and that the misrepresentations and omissions differ with respect to each plaintiff and with respect to the person guilty of such misrepresentation or omission. Defendants assert that it would be virtually impossible to conduct a fair trial under these circumstances. We are sensitive to Defendants' concerns; however, the complaint reveals that eleven of the plaintiffs invested in the 81-1 program, *all* of the plaintiffs invested in the 81-Year End program, and two of the plaintiffs invested in the 82-2 program. Furthermore, Plaintiffs allege that the offering circulars in each program were virtually identical, and that there were other substantial similarities among the offerings. Perhaps most important, Plaintiffs contend that one of the "cornerstones" of Defendants' selling efforts was the claim by Defendants that the previous drilling programs had been successful. Thus, Plaintiffs argue that Defendants used the alleged success of the 81-1 program to induce the purchase of the 81-Year End program and then used both of these programs to induce investors to buy into the 82-2 program. From the complaint it therefore appears that the three programs are integrally related.

Rule 20(a) provides:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Plaintiffs aver a connection among all the drilling programs. Further, we have no trouble concluding that common questions of law and fact exist as to all plaintiffs. Accordingly, Defendants' motions to sever are denied, subject to our power under Rules 20(b) and 21 to sever the trials or add or drop parties at a later date should it become evident that such action is required.

### B. *Motions to dismiss*

■ Defendants have submitted lengthy motions and supporting memoranda in their efforts to have this case dismissed. They attack the complaint by contending that Plaintiffs have failed to plead fraud with adequate particularity pursuant to Rule 9(b) and by arguing that various counts fail to state a claim upon which relief can be granted, moving to dismiss under Fed.R.Civ.P. Rule 12(b)(6). This court has devoted a great deal of its time and energy to reviewing each and every one of Defendants' arguments. We find most of them to be without merit. For example, we are convinced that Plaintiffs have satisfied the requirements of Rule 9(b). That rule requires that the circumstances constituting fraud be pleaded with particularity, while states of mind may be pleaded generally. Our courts have interpreted this rule to mean that a complaint is generally sufficient if it sets forth the time, place, and substance of the allegedly false representations. *See Tomera v. Galt*, 511 F.2d 504 (7th Cir.1975); *Hagstrom v. Breutman*, 572 F.Supp. 692, 697 (N.D.Ill. 1983). Moreover, where a transaction is more complex, or the transactions are numerous and take place over an extended period of time, less specificity is required. *Hagstrom*, 572 F.Supp. at 697.

■ Plaintiffs' complaint at paragraphs 20, 29, and 36 describes in painstaking detail the circumstances under which numerous misrepresentations were made and

omissions of allegedly material fact occurred. Plaintiffs state when the alleged misrepresentations and omissions occurred, where they occurred, and who was present. These paragraphs, as they are relevant, are specifically incorporated into each of the twenty-six counts of the complaint. The allegations in the complaint are stated with more than adequate particularity. Several of Defendants' other arguments are equally meritless; however, we do agree with Defendants that the complaint contains some deficiencies, and it is to these we now turn.

■ First, Defendants are correct in stating that Plaintiffs have failed to allege compliance with the limitations provisions of the 1933 Act. Counts I, IX, and XVIII allege violations of § 12(2) of that Act, 15 U.S.C. § 77l(2). Section 13 of the 1933 Act, 15 U.S.C. § 77m provides that no action can be maintained to enforce any liability created under § 77l(2) unless it is brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, but in no event more than three years after the sale.

Plaintiffs allege as to each of the programs that "[t]his action is brought within three years of the sales to plaintiffs complained of within one year after discovery of the untrue statements and omissions, and within one year after such discovery should have been made by the exercise of reasonable diligence by plaintiffs." * This allegation without supporting facts, however, is insufficient. Section 77m has been consistently interpreted as being substantive rather than procedural in that compliance with the limitations section is an essential element of the private cause of action under § 12(2). As a result, Plaintiffs must plead facts to establish conformity with this section. *See, e.g., Hagert v. Glickman, Lurie, Eiger & Co.,* 520 F.Supp.

1028, 1033 (D.Minn.1981) (plaintiff must affirmatively plead facts indicating the action has been timely brought); *Brick v. Dominion Mortgage & Realty Trust,* 442 F.Supp. 283, 291–92 (W.D.N.Y.1977) (complaint alleging violations of section 12(2) must set forth time and circumstances of discovery of the untrue statement or omissions; reasons why such was not discovered earlier, if more than one year has elapsed; and plaintiff's diligent efforts in making or seeking such discovery); *In re Caesars Palace Securities Litigation,* 360 F.Supp. 366, 377, 378 (S.D.N.Y.1973).

Defendants urge dismissal of the § 12(2) claims; however, this measure appears unnecessarily drastic. The motions are denied on the condition that Plaintiffs amend their complaint within 14 days to affirmatively plead compliance with the one year period of limitations. In the event that Plaintiffs fail to so plead, Defendants' motions will be deemed granted.

■ Secondly, Defendants argue that Plaintiffs' claims for punitive damages should be dismissed. To the extent that Plaintiffs seek punitive damages under the federal securities laws, we agree with Defendants that such relief is unavailable. *See, e.g., Globus v. Law Research Service, Inc.,* 418 F.2d 1276, 1283–87 (2d Cir. 1969), *cert. denied,* 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970); *Darling & Co. v. Klouman,* 87 F.R.D. 756, 759 (N.D.Ill. 1980). However, the motions to dismiss are denied to the extent Plaintiffs seek punitive damages based on their common law claims. Both the 1933 Act and the 1934 Act expressly preserve all rights and remedies that existed when the statutes were enacted, and several courts have construed those sections to permit an award of punitive damages for common law claims. *See, e.g., Flaks v. Koegel,* 504 F.2d 702, 706–07 (2d Cir.1974); *Coffee v. Permian Corp.,* 474 F.2d 1040, 1044 (5th Cir.), *cert. denied,* 412 U.S. 920, 93 S.Ct. 2736, 37

---

* The date of sale of securities in the 81–1 program is alleged to be June 1, 1981; the sale in the 81–Year End program occurred on December 28, 1981, and the 82–2 sale on October 23, 1982. Plaintiffs' original complaint was filed on May 30, 1984, bringing all of these sales within the statute's three-year requirement.

L.Ed.2d 146 (1973); *Young v. Taylor,* 466 F.2d 1329, 1338 (10th Cir.1972); *Darling & Co. v. Klouman,* 87 F.R.D. 756, 759 (N.D. Ill.1980); *Burkhart v. Allson Realty Trust,* 363 F.Supp. 1286, 1290–92 (N.D. Ill.1973). We construe the statute in the same way and conclude that an award of punitive damages is permitted under the common law counts.

 Third, Defendants' motions to dismiss Plaintiffs' claims based on negligent misrepresentation and constructive fraud are granted. Plaintiffs appear to base their claim on an alleged breach of fiduciary duty to Plaintiffs, as purchasers of securities. Plaintiffs are correct that a cause of action can lie in either negligent misrepresentation or constructive fraud where a breach of fiduciary duty is established. *See, e.g., Duhl v. Nash Realty Inc.,* 102 Ill.App.3d 483, 57 Ill.Dec. 904, 912, 429 N.E.2d 1267, 1275 (1981) (negligent misrepresentation); *Paskas v. Illini Federal Savings & Loan Association,* 109 Ill.App.3d 24, 64 Ill.Dec. 642, 646, 440 N.E.2d 194, 198 (1982) (constructive fraud). However, Plaintiffs have alleged in only a conclusory fashion that "Defendants, as sellers of securities, stood in a fiduciary capacity and owed to plaintiffs a duty to truthfully inform plaintiff of all of the facts surrounding the securities being offered to plaintiffs." Plaintiffs have provided no authority for the proposition that a buyer and seller of securities stand in a fiduciary relationship as a matter of law. *Cf. Ferroline Corp. v. General Aniline & Film Corp.,* 107 F.Supp. 326, 341 (N.D.Ill.1952) (mere relationship of buyer and seller does not in itself create a confidential relationship), *aff'd,* 207 F.2d 912 (1953), *cert. denied,* 347 U.S. 953, 74 S.Ct. 678, 98 L.Ed. 1098 (1954). While a fiduciary relationship may be established by a showing that confidence was reposed on one side and domination and influence resulted on the other, *Vargas v. Esquire, Inc.,* 166 F.2d 651, 653 (7th Cir.), *cert. denied,* 335 U.S. 813, 69 S.Ct. 29, 93 L.Ed. 368 (1948); *Works v. McNeil,* 1 Ill.2d 47, 115 N.E.2d 320 (1953), Plaintiffs have offered no facts to indicate that this was the situation with respect to their relation-ship with Defendants. Plaintiffs do allege that R & R failed to disclose its lack of expertise in the financing or sale of oil and gas programs. The allegation implies that Plaintiffs thought that R & R was an expert of sorts, but we do not think that fact alone can establish the existence of a confidential relationship. Plaintiffs claim that they are entitled to plead the existence of a fiduciary relationship according to the federal rules of notice pleading; we do not quarrel with this, but it is beyond question that even the most liberal notice pleading rules require some facts to substantiate the claims made. Purely conclusory allegations are insufficient. Plaintiffs' claims based on negligent misrepresentation and constructive fraud are therefore dismissed.

Finally, Defendants argue that Plaintiffs' RICO claim should be dismissed. We reject most of Defendants' arguments in light of the Supreme Court's recent interpretations of RICO, but Defendants' supplemental motion, arguing that Plaintiffs' claims under the 81–1 Program and the 81-Year End Program are barred by the applicable statute of limitations, has merit. Defendants argue that a two-year statute of limitations applies, thus barring Plaintiffs' claims with respect to the 81–1 Program and the 81-Year End Program, as the sales of securities in those programs occurred on June 1, 1981 and December 28, 1981, respectively, while the original complaint was not filed until May 30, 1984.

 We are aware of the conflicting views in this district regarding the appropriate statute of limitations to apply. Congress did not provide a statute of limitations for civil RICO actions. When a federal statute does not include a statute of limitations, federal courts are to apply the most analogous state statute of limitations. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 1942–43, 85 L.Ed.2d 254 (1985). Judge Nordberg has recently held that the most analogous statute of limitations is the five year period for common law fraud claims. *Davis v. Smith,* 635 F.Supp. 459 (N.D.Ill.1985). *See also Griggs v. Robinson*

*Securities,* No. 84 C 4679 (N.D.Ill. May 9, 1985) (Grady, J.) [Available on WESTLAW, DCTU database]. However, this court is more persuaded by the extensive and well-reasoned opinion of Judge Hart in *Electronic Relays (India) Pvt. Ltd. v. Pascente,* 610 F.Supp. 648 (N.D.Ill.1985), in which the court concluded that the treble damages provision was civil RICO's most distinctive provision. Accordingly, that court held that the applicable Illinois statute of limitations was the two-year period for actions to recover a statutory penalty, Ill.Rev.Stat. ch. 110, § 13–202. In so holding, Judge Hart joined Judge Kocoras, who had also chosen the two-year period. *See Traylor v. Central States, South East and Southwest Pension Fund,* Nos. 83 C 2206 and 83 C 6283, slip op. at 5–6 (Nov. 6, 1984) [Available on WESTLAW, DCTU database]; *Caldarone v. Brown,* No. 80 C 6251 (N.D.Ill. Sept. 30, 1983) (oral ruling). We note that several other judges in this district have also recently found the two-year period to be applicable. *See, e.g., Baselski v. Paine Webber,* No. 80 C 3157 (N.D.Ill. Nov. 22, 1985) (Parsons, J.) [Available on WESTLAW, DCTU database]; *Long Grove Country Club Estate v. Village of Long Grove,* No. 82 C 6868 (N.D.Ill. Oct. 4, 1985) (Holderman, J.) [Available on WESTLAW, DCTU database]; *Bolingbrook Properties II v. Irvin,* No. 84 C 10480 (N.D.Ill. Aug. 5, 1985) (Moran, J.) [Available on WESTLAW, DCTU database].

██ Plaintiffs urge that even if the applicable statute of limitations is two years, the statute of limitations does not begin to run on their claim until Plaintiffs knew or had reason to know of Defendants' fraud. They contend that since their complaint alleges that they are bringing this action within one year of their discovery of the fraud, their RICO claims are not barred. This argument must fail for the same reasons we found above that Plaintiffs failed to adequately plead compliance with the 1933 Act's statute of limitations. While the tolling rule might apply, Plaintiffs must allege with supporting facts either that they have exercised due diligence in uncovering the fraud, or that Defendants

have taken affirmative steps to conceal the fraud. Plaintiffs have alleged no such facts to persuade the court that the 81–1 and 81-Year End RICO claims are timely. Plaintiffs have offered in their memoranda to provide the court with greater specificity as to their allegations, and we accept that offer. Plaintiffs are granted 14 days to replead.

## II. *Cross-Motions for partial summary judgment*

Both sides have filed motions for summary judgment on Count XVI of the complaint, which alleges that Defendants failed to register the securities purchased by Plaintiffs in the 81–Year End Program and that Defendants were required to do so pursuant to § 5 of the Illinois Securities Act, Ill.Rev.Stat. ch. 121½, § 137.5 (the "Act"). Plaintiffs claim a right of rescission under § 13 of the Act, Ill.Rev.Stat. ch. 121½, § 137.13.

Defendants admit that they did not register the securities, but contend that registration was not required, as each sale either fell into an exemption provided by the Act or was not subject to the Act at all. Their motion is based primarily on the argument that the 1983 amendments to the Act, which added several new exemptions from the registration requirement, apply to this case. Plaintiffs argue that the amendments do not apply retroactively, but appear to agree that if this court should find otherwise, then Defendants are entitled to summary judgment.

██ We find that the 1983 amendments are to be applied prospectively only and therefore do not apply to the 81-Year End sales. The general rule is that statutes and amendments are presumed to operate prospectively absent express statutory language to the contrary. *Maiter v. Chicago Board of Education,* 82 Ill.2d 373, 47 Ill.Dec. 721, 728, 415 N.E.2d 1034, 1041 (1980); *Matviuw v. Johnson,* 111 Ill.App.3d 629, 67 Ill.Dec. 370, 372, 444 N.E.2d 606, 608 (1982); *Levy v. Levy,* 105 Ill.App.3d

355, 61 Ill.Dec. 247, 251, 434 N.E.2d 400, 404 (1982); *Golden v. Holaday,* 59 Ill. App.3d 866, 17 Ill.Dec. 199, 203, 376 N.E.2d 92, 96 (1978). An exception to this rule exists where the statute or amendment relates only to remedies or procedures, *Maiter,* 47 Ill.Dec. at 729, 415 N.E.2d at 1042; *Matviuw,* 67 Ill.Dec. at 372, 444 N.E.2d at 608. Even then, however, the statute or amendment will not be applied retroactively if to do so would destroy a substantive right. *Id.*

Nothing in the amendments evinces any legislative intent that they be applied retrospectively. The amendments are entirely silent on the issue. Moreover, we do not think the exception to the presumption of prospective operation applies to these amendments as we find them to be substantive in nature and not procedural. Defendants seem to be making an argument that the amendments relate only to remedies or procedures, though the briefing is not entirely clear on this point. In any event, we reject that characterization. Even if we were to be persuaded by it, we note that the Seventh Circuit has held that where substantial changes are made, even in a statute that might ordinarily be classified as procedural, the statute should be construed to operate prospectively only, unless the legislative intent to the contrary clearly appears. *In re Reilly,* 442 F.2d 26, 28 (7th Cir.), *cert. denied,* 404 U.S. 854, 92 S.Ct. 96, 30 L.Ed.2d 95 (1971). The interpretive comments to the 1983 amendments indicate that those amendments to the statute were substantial. Accordingly, we find that the 1983 amendments should operate only prospectively. Although only one case dealing with this issue has come to our attention, the Illinois Appellate Court in that case also held that the amendments do not call for retroactive application. *Yohnka v. Darling Nells, Inc.,* 136 Ill. App.3d 309, 91 Ill.Dec. 303, 304, 483 N.E.2d 649, 650 (1985).

Defendants contend that they are entitled to summary judgment even if the 1983 amendments do not apply to this case; however, the parties are clearly in dis-agreement as to the applicability of a number of the exemptions upon which Defendants rely. These disagreements arise out of what the parties basically concede in their motions to be factual disputes. As a result, summary judgment is inappropriate.

Accordingly, it is hereby ordered that:

1. Defendants' motions to sever are, at this time, denied.

2. Plaintiffs are granted 14 days in which to replead:

 a. facts establishing compliance with the limitations provisions of the 1933 Act;

 b. facts establishing the tolling of the two-year statute of limitations as to their 81–1 and 81-Year End RICO claims.

3. Defendants' motions to strike the claims for punitive damages are granted to the extent the claims seek relief under the federal securities laws, but denied to the extent relief is sought under common law.

4. Defendants' motions to dismiss Plaintiffs' claims based on negligent misrepresentation and constructive fraud are granted.

5. Defendants' motions to dismiss are otherwise denied.

6. The parties' cross-motions for summary judgment are denied.